UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
LEI LANI CARDER-COWIN,           )
                                 )
              Plaintiff,         )  No. C07-104RSL
                                 )
       v.                        )  ORDER REQUESTING
                                 )  SUPPLEMENTAL INFORMATION
UNUM LIFE INSURANCE COMPANY OF   )
AMERICA,                         )
                                 )
              Defendant.         )
_____)

This matter comes before the Court *sua sponte*. In this case, plaintiff seeks the Court's review of defendant's denial of plaintiff's benefits claim under a plan regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendant has moved for summary judgment contending that it did not abuse its discretion by denying plaintiff's claim. See Dkt. #18 (Defendant's Motion for Summary Judgment Seeking Dismissal of Plaintiff's ERISA Action). The Court held a hearing on the motion on April 11, 2008 and heard from counsel for plaintiff and defendant.

Defendant administered and funded the plan at issue in this case, therefore it operated under what the Ninth Circuit calls a "structural conflict of interest." Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 964 (9th Cir. 2006) (en banc) ("We have held that an insurer that acts as both the plan administrator and the funding source for benefits operates under what may be termed a structural conflict of interest."). In order to determine the effect, if any, that the

ORDER REQUESTING
SUPPLEMENTAL INFORMATION

structural conflict may have had on defendant's decision-making process, the Court may consider evidence outside of the administrative record. Id. at 970 ("The district court may, in its discretion, consider evidence outside the administrative record to decide the nature, extent and effect on the decision-making process of any conflict of interest; the decision on the merits, though, must rest on the administrative record once the conflict (if any) has been established, by extrinsic evidence or otherwise.").

In this case, defendant relied primarily on the results of the independent medical examination ("IME") performed on July 27, 2001 by Dr. Aleksandra Zietak to deny plaintiff's claim. See, e.g., U/A 742-748. However, as plaintiff highlighted in her response to defendant's motion, the record does not provide any details regarding Dr. Zietak's qualifications. See Dkt. #26 at 6. The record also does not provide the Court with any indication regarding the extent to which Dr. Zietak is a truly independent medical examiner. See Abatie, 458 F.3d at 969 & n.7 ("[A] conflicted administrator, facing closer scrutiny, may find it advisable to bring forth affirmative evidence that any conflict did not influence its decision making process, evidence that would be helpful to determining whether or not it has abused its discretion. For example, the administrator might demonstrate that it used truly independent medical examiners[.]") (emphasis added).

Accordingly, in order for the Court to determine the nature, extent and effect that the conflict of interest may have had on defendant's decision-making process, the Court ORDERS defendant to supplement the record by **May 9, 2008** with evidence demonstrating Dr. Zietak's qualifications to perform plaintiff's IME as they relate to plaintiff's claimed disabilities and evidence showing the extent to which Dr. Zietak was a truly independent examiner. Any brief filed by defendant in connection with the new information shall not exceed six pages. Plaintiff may file an opposition, not to exceed six pages, by **May 19, 2008** addressing any issues raised by the supplemental information. No other filings shall be permitted.

ORDER REQUESTING
SUPPLEMENTAL INFORMATION                -2-

1    DATED this 22nd day of April, 2008.

2

3
                                   /s/ Robert S. Lasnik
4                                  Robert S. Lasnik
                                   United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER REQUESTING
SUPPLEMENTAL INFORMATION           -3-